IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE EASTERN COMPANY, | ) | CASE NO.: |
| | ) | |
| Plaintiff | ) | JUDGE: |
| | ) | |
| v. | ) | **COMPLAINT FOR PATENT** |
| | ) | **INFRINGEMENT, FALSE** |
| PHOENIX USA, INC., | ) | **DESIGNATION OF ORIGIN,** |
| | ) | **DECEPTIVE TRADE PRACTICES** |
| Defendant. | ) | **AND INJUNCTIVE RELIEF** |
| | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | **ENDORSED HEREON** |

The Eastern Company ("Eastern") for its Complaint against Phoenix USA, Inc.

("Phoenix") avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      This is a Complaint seeking recourse for patent infringement, false designation of

origin and unfair competition.  Eastern seeks compensatory and equitable relief.

2.      Eastern is a corporation formed in Connecticut, whose principal place of business

in this District is in Cuyahoga County, Ohio.

3.      Phoenix is a corporation formed in Tennessee, whose principal place of business is in Cookeville, Tennessee.

4.      This Court has jurisdiction over the causes of action presented in this Complaint pursuant to 28 U.S.C.§1331 (federal question), 28 U.S.C. § 1338 (trademark and patent jurisdiction), and 35 U.S.C. § 271 (patent infringement).  This Court also has jurisdiction over the claim presented herein for violations of Ohio unfair competition law pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and (d), and 28 U.S.C. § 1400.

## FACTS

6.      Eastern realleges the allegations in Paragraphs 1 through 5 of this Complaint as if fully rewritten herein.

7.      Eastern owns all right, title and interest in U.S. Patent No. 7,454,933 entitled Handle and Housing Assembly ("the `933 patent") (Exhibit A).

8.      Eastern owns all right, title and interest in U.S. Patent No. 7,748,246 entitled Handle and Housing Assembly ("the `246 patent") (Exhibit B).

9.      Eastern owns all right, title and interest in U.S. Patent No. D537,321 entitled Front Portions of a Handle and Housing Assembly ("the `321 patent") (Exhibit C).

10.     Eastern owns all right, title and interest in U.S. Patent No. D538,131 entitled Portions of a T-Handle Component of a Handle and Housing Assembly ("the `131 patent") (Exhibit D).

11.     Eastern owns all right, title and interest in U.S. Patent No. D546,165 entitled Front Portions of the Housing of a Handle and Housing Assembly ("the `165 patent") (Exhibit E).

12.     Eastern owns all right, title and interest in U.S. Patent No. D548,561 entitled Portions of a T-Handle Component of a Handle and Housing Assembly ("the `561 patent") (Exhibit F).

13.     Eastern owns all right, title and interest in U.S. Patent No. D567,061 entitled Front Portions of the Housing of a Handle and Housing Assembly ("the `061 patent") (Exhibit G).

14.     Eastern owns all right, title and interest in U.S. Patent No. D578,373 entitled Front Portion of the Housing of a Handle and Housing Assembly ("the `373 patent") (Exhibit H).

15.     Eastern manufactures, sells and distributes latches which are covered by the '933 patent, the '246 patent, the '321 patent, the '131 patent, the '165 patent, the '561 patent, the '061 patent and the '373 patent.  One such latch which is made, used, sold, and offered for sale by Eastern is known as the "Whale Tail Latch".

16.     Phoenix makes, has made by others, uses, sells, offers for sale, and imports into the United States, products including latches (such latches are individually and collectively referred to herein as "Phoenix Latches").

17.     Phoenix offers to sell and sells the Phoenix Latches to customers in this judicial district and elsewhere.

18.     One entity that has purchased Phoenix Latches is Jerr-Dan Corporation a.k.a. JLG, Inc., a division of Oshkosh Corporation ("JLG").

19.     JLG has contracted with Phoenix under terms that require that Phoenix deliver to JLG, Eastern's Whale Tail Latches on tool boxes that JLG purchases from Phoenix.

20.     Phoenix purchased Whale Tail Latches from Eastern for some years and delivered them to JLG on tool boxes purchased from Phoenix by JLG.

21.     Phoenix arranged to have made outside the United States Phoenix Latches that include imitation latches which are identical in virtually all material respects to Eastern's Whale Tail Latch ("Phoenix Imitation Latches").

22.     Phoenix used, sold, offered for sale, and imported into the United States the Phoenix Imitation Latches and sold such latches to JLG and others.

23.     Phoenix falsely represented that the Phoenix Imitation Latches were genuine Eastern Whale Tail Latches and knowingly passed off such Phoenix Imitation Latches to JLG and others, as genuine Eastern Whale Tail Latches.

24.     Phoenix was aware that Eastern's Whale Tail Latch is covered by numerous patents, and despite this knowledge caused the Phoenix Imitation Latches to be manufactured, used, sold, offered for sale, and imported into the United States.

25.     Phoenix knowingly substituted Phoenix Imitation Latches for the genuine Eastern Whale Tail Latches it had previously purchased, and passed off the Phoenix Imitation Latches as genuine Eastern latches to Phoenix customers, including JLG and others.

26.     On information and belief, Phoenix continues to have made, import, use, sell, and offer to sell Phoenix Imitation Latches on tool boxes that are used and sold by JLG and others in the United States.

## FIRST CAUSE OF ACTION
## <u>INFRINGEMENT OF `933 PATENT</u>

27.     Eastern realleges the allegations of Paragraphs 1 through 26 of this Complaint as if fully rewritten herein.

28.     On November 25, 2008, the '933 patent was duly and legally issued to Eastern.

29.     Phoenix has made, caused to be made, imported, used, sold, offered to sell, and sold Phoenix Latches, including but not limited to Phoenix Imitation Latches, which incorporate each and every element of at least one claim in the '933 patent, and has thereby infringed the '933 patent.

30.     Phoenix has, and on information and belief continues to directly or indirectly infringe claims of the '933 patent by importing, using, offering to sell, and selling the Phoenix Latches.

31.     Phoenix is liable for infringement of the '933 patent pursuant to 35 U.S.C. § 271.

32.     As a result of the infringement and inducement of infringement by Phoenix, Eastern has been damaged.

33.     The actions of Phoenix in infringing and in inducing infringement of the '933 patent have been, and continue to be, willful, deliberate and/or in conscious disregard of the rights of Eastern, making this an exceptional case within the meaning of 35 U.S.C. § 285.

34.     The infringement and inducement of infringement of the '933 patent by Phoenix has caused, and continues to cause, irreparable harm to Eastern in an amount that will be proven at trial.

35.     The infringement and inducement of infringement of the '933 patent by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the

activities of Phoenix are not enjoined in accordance with 35 U.S.C. § 283, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

**SECOND CAUSE OF ACTION**
**INFRINGEMENT OF `246 PATENT**

36.    Eastern realleges the allegations of Paragraphs 1 through 35 of this Complaint as if fully rewritten herein.

37.    On July 6, 2010, the '246 patent was duly and legally issued to Eastern.

38.    Phoenix has made, caused to be made, imported, used, sold, offered to sell, and sold Phoenix Latches, including but not limited to Phoenix Imitation Latches, which incorporate each and every element of at least one claim in the '246 patent, and has thereby infringed the '246 patent.

39.    Phoenix has, and on information and belief continues to directly or indirectly infringe claims of the '246 patent by importing, using, offering to sell, and selling the Phoenix Latches.

40.    Phoenix is liable for infringement of the '246 patent pursuant to 35 U.S.C. § 271.

41.    As a result of the infringement and inducement of infringement by Phoenix, Eastern has been damaged.

42.    The actions of Phoenix in infringing and in inducing infringement of the '246 patent have been, and continue to be, willful, deliberate and/or in conscious disregard of the rights of Eastern making this an exceptional case within the meaning of 35 U.S.C. § 285.

43.    The infringement and inducement of infringement of the '246 patent by Phoenix has caused, and continues to cause, irreparable harm to Eastern in an amount that will be proven at trial.

44.     The infringement and inducement of infringement of the '246 patent by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined in accordance with 35 U.S.C. § 283, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

### THIRD CAUSE OF ACTION
### INFRINGEMENT OF `321 PATENT

45.     Eastern realleges the allegations of Paragraphs 1 through 44 of this Complaint as if fully rewritten herein.

46.     On February 27, 2007, the '321 patent was duly and legally issued to Eastern.

47.     Phoenix has made, caused to be made, imported, used, sold, offered to sell, and sold Phoenix Latches, including but not limited to Phoenix Imitation Latches, which incorporate each and every element of the claim in the '321 patent, and has thereby infringed the '321 patent.

48.     Phoenix has, and on information and belief continues to directly or indirectly infringe the claim of the '321 patent by importing, using, offering to sell, and selling the Phoenix Latches.

49.     Phoenix is liable for infringement of the '321 patent pursuant to 35 U.S.C. § 271.

50.     As a result of the infringement and inducement of infringement by Phoenix, Eastern has been damaged.

51.     The actions of Phoenix in infringing and in inducing infringement of the '321 patent have been, and continue to be, willful, deliberate and/or in conscious disregard of the rights of Eastern, making this an exceptional case within the meaning of 35 U.S.C. § 285.

52.     The infringement and inducement of infringement of the '321 patent by Phoenix has caused, and continues to cause, irreparable harm to Eastern in an amount that will be proven at trial.

53.     The infringement and inducement of infringement of the '321 patent by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined in accordance with 35 U.S.C. § 283, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

## FOURTH CAUSE OF ACTION
## INFRINGEMENT OF `131 PATENT

54.     Eastern realleges the allegations of Paragraphs 1 through 53 of this Complaint as if fully rewritten herein.

55.     On March 13, 2007, the '131 patent was duly and legally issued to Eastern.

56.     Phoenix has made, caused to be made, imported, used, sold, offered to sell, and sold Phoenix Latches, including but not limited to Phoenix Imitation Latches, which incorporate each and every element of the claim in the '131 patent, and has thereby infringed the '131 patent.

57.     Phoenix has, and on information and belief continues to directly or indirectly infringe the claim of the '131 patent by importing, using, offering to sell, and selling the Phoenix latches.

58.     Phoenix is liable for infringement of the '131 patent pursuant to 35 U.S.C. § 271.

59.     As a result of the infringement and inducement of infringement by Phoenix, Eastern has been damaged.

60.     The actions of Phoenix in infringing and in inducing infringement of the '131 patent have been, and continue to be, willful, deliberate and/or in conscious disregard of the rights of Eastern, making this an exceptional case within the meaning of 35 U.S.C. § 285.

61.     The infringement and inducement of infringement of the '131 patent by Phoenix has caused, and continues to cause, irreparable harm to Eastern in an amount that will be proven at trial.

62.     The infringement and inducement of infringement of the '131 patent by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined in accordance with 35 U.S.C. § 283, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

## FIFTH CAUSE OF ACTION
## INFRINGEMENT OF `165 PATENT

63.     Eastern realleges the allegations of Paragraphs 1 through 62 of this Complaint as if fully rewritten herein.

64.     On July 10, 2007, the '165 patent was duly and legally issued to Eastern.

65.     Phoenix has made, caused to be made, imported, used, sold, offered to sell, and sold Phoenix Latches, including but not limited to Phoenix Imitation Latches, which incorporate each and every element of the claim in the '165 patent, and has thereby infringed the '165 patent.

66.     Phoenix has, and on information and belief continues to directly or indirectly infringe the claim of the '165 patent by importing, using, offering to sell, and selling the Phoenix Latches.

67.     Phoenix is liable for infringement of the '165 patent pursuant to 35 U.S.C. § 271.

68.     As a result of the infringement and inducement of infringement by Phoenix, Eastern has been damaged.

69.     The actions of Phoenix in infringing and in inducing infringement of the '165 patent have been, and continue to be, willful, deliberate and/or in conscious disregard of the rights of Eastern, making this an exceptional case within the meaning of 35 U.S.C. § 285.

70.     The infringement and inducement of infringement of the '165 patent by Phoenix has caused, and continues to cause, irreparable harm to Eastern in an amount that will be proven at trial.

71.     The infringement and inducement of infringement of the '165 patent by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined in accordance with 35 U.S.C. § 283, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

## SIXTH CAUSE OF ACTION
## INFRINGEMENT OF `561 PATENT

72.     Eastern realleges the allegations of Paragraphs 1 through 71 of this Complaint as if fully rewritten herein.

73.     On August 14, 2007, the '561 patent was duly and legally issued to Eastern.

74.     Phoenix has made, caused to be made, imported, used, sold, offered to sell, and sold Phoenix Latches, including but not limited to Phoenix Imitation Latches which incorporate each and every element of the claim in the '561 patent, and has thereby infringed the '561 patent.

75.     Phoenix has, and on information and belief continues to directly or indirectly infringe the claim of the '561 patent by importing, using, offering to sell, and selling the Phoenix Latches.

76.     Phoenix is liable for infringement of the '561 patent pursuant to 35 U.S.C. § 271.

77.     As a result of the infringement and inducement of infringement by Phoenix, Eastern has been damaged.

78.     The actions of Phoenix in infringing and in inducing infringement of the '561 patent have been, and continue to be, willful, deliberate and/or in conscious disregard of the rights of Eastern, making this an exceptional case within the meaning of 35 U.S.C. § 285.

79.     The infringement and inducement of infringement of the '561 patent by Phoenix has caused, and continues to cause, irreparable harm to Eastern in an amount that will be proven at trial.

80.     The infringement and inducement of infringement of the '561 patent by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined in accordance with 35 U.S.C. § 283, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

## SEVENTH CAUSE OF ACTION
## INFRINGEMENT OF `061 PATENT

81.     Eastern realleges the allegations of Paragraphs 1 through 80 of this Complaint as if fully rewritten herein.

82.     On April 22, 2008, the '061 patent was duly and legally issued to Eastern.

83.     Phoenix has made, caused to be made, imported, used, sold, offered to sell, and sold Phoenix Latches, including but not limited to Phoenix Imitation Latches, which incorporate each and every element of the claim in the '061 patent, and has thereby infringed the '061 patent.

84.     Phoenix has, and on information and belief continues to directly or indirectly infringe the claim of the '061 patent by importing, using, offering to sell, and selling the Phoenix Latches.

85.     Phoenix is liable for infringement of the '061 patent pursuant to 35 U.S.C. § 271.

86.     As a result of the infringement and inducement of infringement by Phoenix, Eastern has been damaged.

87.     The actions of Phoenix in infringing and in inducing infringement of the '061 patent have been, and continue to be, willful, deliberate and/or in conscious disregard of the rights of Eastern making this an exceptional case within the meaning of 35 U.S.C. § 285.

88.     The infringement and inducement of infringement of the '061 patent by Phoenix has caused, and continues to cause, irreparable harm to Eastern in an amount that will be proven at trial.

89.     The infringement and inducement of infringement of the '061 patent by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined in accordance with 35 U.S.C. § 283, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

## EIGHTH CAUSE OF ACTION
## <u>INFRINGEMENT OF `373 PATENT</u>

90.     Eastern realleges the allegations of Paragraphs 1 through 89 of this Complaint as if fully rewritten herein.

91.     On October 14, 2008, the '373 patent was duly and legally issued to Eastern.

92.     Phoenix has made, caused to be made, imported, used, sold, offered to sell, and sold Phoenix Latches, including but not limited to Phoenix Imitation Latches, which incorporate each and every element of the claim in the '373 patent, and has thereby infringed the '373 patent.

93.     Phoenix has, and on information and belief continues to directly or indirectly infringe the claim of the '373 patent by importing, using, offering to sell, and selling the Phoenix Latches.

94.     Phoenix is liable for infringement of the '373 patent pursuant to 35 U.S.C. § 271.

95.     As a result of the infringement and inducement of infringement by Phoenix, Eastern has been damaged.

96.     The actions of Phoenix in infringing and in inducing infringement of the '373 patent have been, and continue to be, willful, deliberate and/or in conscious disregard of the rights of Eastern making this an exceptional case within the meaning of 35 U.S.C. § 285.

97.     The infringement and inducement of infringement of the '373 patent by Phoenix has caused, and continues to cause, irreparable harm to Eastern in an amount that will be proven at trial.

98.     The infringement and inducement of infringement of the '373 patent by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined in accordance with 35 U.S.C. § 283, there will be further

irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

## NINTH CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125

99.    Eastern realleges the allegations of Paragraphs 1 through 98 of this Complaint as if fully rewritten herein.

100.    Phoenix knowingly misrepresented the Phoenix Imitation Latches as genuine Eastern Whale Tale Latches and sold the Phoenix Imitation Latches to JLG and others.

101.    In selling the Phoenix Imitation Latches as genuine Eastern products in commerce, Phoenix made false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which deceived purchasers of the Phoenix Imitation Latches as to the origin of the Phoenix Imitation Latches.

102.    Phoenix's actions in selling the Phoenix Imitation Latches, making false designations of origin, making misleading descriptions of fact, and making false and misleading representations were calculated to deceive JLG and others, that the Phoenix Imitation Latches were genuine Eastern Whale Tale Latches, and constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

103.    Phoenix's actions in deceiving customers and misrepresenting the character and origins of its Phoenix Imitation Latches were done knowingly and with an intent to cause harm to Eastern.

104.    As a result of Phoenix's violations of Section 43(a) of the Lanham Act, Eastern has been damaged.

105.    The violations of Section 43(a) of the Lanham Act by Phoenix has caused and continues to cause irreparable harm to Eastern in an amount that will be proven at trial.

106.     The violations of Section 43(a) of the Lanham Act by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

**TENTH CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES IN VIOLATION OF**
**OHIO REVISED CODE § 4165.02**

107.     Eastern realleges the allegations of Paragraphs 1 through 106 of this Complaint as if fully rewritten herein.

108.     Phoenix knowingly and deliberately passed off the Phoenix Imitation Latches to JLG and others, as the genuine Whale Tale Latches of Eastern.

109.     The passing off by Phoenix of the Phoenix Imitation Latches was a deceptive trade practice that was conducted in the course of Phoenix's business.

110.     Phoenix's passing off of the Phoenix Imitation Latches to customers as genuine Whale Tale Latches of Eastern constitutes a violation of § 4165.02(A)(1) of the Ohio Revised Code, and deliberately causing misunderstanding as to the source of such Phoenix Imitation Latches constitutes a violation of § 4165.02(A)(2) of the Ohio Revised Code.

111.     Phoenix's actions in violation of § 4165.02 of the Ohio Revised Code were deliberately calculated to cause loss and damage to Eastern in Ohio, and Eastern has been damaged as a consequence thereof.

112.     The actions of Phoenix in violating § 4165.02 of the Ohio Revised Code have been and continue to be, willful, deliberate and/or in conscious disregard for the rights of Eastern.

113.     The violations of § 4165.02 of the Ohio Revised Code by Phoenix have caused and continue to cause irreparable harm to Eastern.

114.     The violations of § 4165.02 of the Ohio Revised Code by Phoenix will continue unless enjoined by this Court.  A remedy at law is not adequate to compensate Eastern for the injury caused by Phoenix, and Eastern has been irreparably harmed.  If the activities of Phoenix are not enjoined in accordance with § 4165.03 of the Ohio Revised Code, there will be further irreparable harm to Eastern.  Considering the balance of hardships between Eastern and Phoenix, a remedy in equity is warranted and the public interest would not be disserviced by an injunction.

WHEREFORE, Eastern prays the Court grant it the following relief:

a)      Enter a judgment against Phoenix on behalf of Eastern;

b)      Grant Eastern injunctive relief in accordance with 35 U.S.C. § 283, barring Phoenix and its respective officers, directors, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement of any of the '933, '246, '321, '131, '165, '561, '061 and '373 Patents;

c)      An award of lost profits or a reasonable royalty and other damages arising from the infringement or inducement of infringement of each of the '933, '246, '321, '131, '165, '561, '061 and '373 Patents, including an award of triple damages to Eastern together with pre-judgment and post-judgment interests;

d)      An award of attorney's fees and costs in accordance with 35 U.S.C. § 285;

e)      An award of Phoenix's profits, compensatory damages, the cost of the action, and attorney's fees pursuant to 15 U.S.C. § 1117, including an award of triple damages;

f)      Injunctive relief against Phoenix in accordance with § 4165.03 of the Ohio Revised Code;

g)      An award of attorney's fees in accordance with § 4165.03(B) of the Ohio Revised Code;

h)      An award of pre-judgment interest; and

i)      Such other and further relief as Eastern may be entitled in equity or law.


A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,


        /s/ Patricia A. Walker

Patricia A. Walker        Ohio Reg.  No.  0001779
E-mail:  paw@walkerandjocke.com
Ralph E. Jocke        Ohio Reg.  No.  0011642
E-mail:  rej@walkerandjocke.com
Attorneys for Plaintiff
Walker & Jocke Co., LPA
231 South Broadway
Medina, Ohio  44256
Phone: 330-721-0000
Fax: 330-722-6446

## LIST OF EXHIBITS

Exhibit A.    U.S. Patent No. 7,454,933 entitled Handle and Housing Assembly.

Exhibit B.    U.S. Patent No. 7,748,246 entitled Handle and Housing Assembly.

Exhibit C.    U.S. Patent No. D537,321 entitled Front Portions of a Handle and Housing Assembly.

Exhibit D.    U.S. Patent No. D538,131 entitled Portions of a T-Handle Component of a Handle and Housing Assembly.

Exhibit E.    U.S. Patent No. D546,165 entitled Front Portions of the Housing of a Handle and Housing Assembly.

Exhibit F.    U.S. Patent No. D548,561 entitled Portions of a T-Handle Component of a Handle and Housing Assembly.

Exhibit G.    U.S. Patent No. D567,061 entitled Front Portions of the Housing of a Handle and Housing Assembly.

Exhibit H.    U.S. Patent No. D578,373 entitled Front Portion of the Housing of a Handle and Housing Assembly.